## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| AUBREY MEADORS | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Case No. CIV-18-1226-HE |
| | ) | |
| DEVON ENERGY CORPORATION, | ) | |
| | ) | |
| *Defendant*. | ) | |

## COMPLAINT

COMES NOW Plaintiff, Aubrey Meadors, brings this action against Defendant, Devon Energy Corporation ("Devon"), to recover all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201 *et seq*., as amended, for unpaid overtime, liquidated damages, costs, and attorneys' fees.

## I. OVERVIEW

1.      Plaintiff brings this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, as amended, to recover overtime compensation from her former employer, Devon.

2.      Plaintiff was a non-exempt employee under the FLSA but did not receive compensation of at least one and one-half (1 ½) the regular rate for all hours worked in excess of forty (40) hours per workweek.

3.      Defendant knowingly failed to compensate Plaintiff overtime of at least one and one-half (1 ½) the regular rate for all hours worked in excess of forty (40) hours per workweek.

4.      Plaintiff is owed compensation for unpaid overtime and other damages available under section 216(b) of the FLSA, 29 U.S.C. § 216(b).

## II.  PARTIES

5.      Plaintiff is an individual residing in Oklahoma County, Oklahoma.

6.      Plaintiff worked for Defendant as a Reservoir Technologist from May 21, 2013 to May 1, 2018 in Oklahoma City, Oklahoma County, Oklahoma.

7.      Throughout her employment with Devon, Plaintiff was not paid overtime compensation and was classified as a non-exempt employee.

8.      Defendant Devon Energy Corporation (hereinafter "Devon") is an oil and gas corporation incorporated in Delaware and headquartered in Oklahoma City, Oklahoma.

## III.  JURISDICTION AND VENUE

9.      This Court has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under the FLSA, 29 U.S.C. §§ 201 *et seq*.

10.     Venue is proper in the United States District Court for the Western District of Oklahoma pursuant to 28 U.S.C. § 1391(b) because Defendant operates in this district, Plaintiff worked in this district for Defendant, and a substantial part of the events or omissions giving rise to the claim occurred in this district.

## IV.  COVERAGE UNDER THE FLSA

1.      At all relevant times, Devon has been an employer within the meaning of section 203(d) of the FLSA, 29 U.S.C. § 203(d).

2.      At all relevant times, Devon has been part of an enterprise within the meaning of section 203(r) of the FLSA, 29 U.S.C. § 203(r).

3.      At all relevant times, Devon has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 203(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had (a) employees engaged in commerce or in the production of goods for commerce, or (b) employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and (c) in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

4.      At all relevant times, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce pursuant to 29 U.S.C. §§ 206–207.

## V. FACTS

5.      Devon is an oil and natural gas exploration and production company operating worldwide and throughout the United States, including Oklahoma.

6.      Plaintiff worked for Defendant as a Reservoir Technologist from May 21, 2013 to May 1, 2018 in Oklahoma City, Oklahoma County, Oklahoma.

7.      Plaintiff worked full-time at Devon as a Reservoir Technologist Level 3 from May 27, 2013 to February 6, 2015; as a Reservoir Technologist Level 4 from February 7, 2015 to February 2, 2018; and as a Reservoir Technologist Level 5 from February 3, 2018 to May 1, 2018.

8.      Plaintiff was a non-exempt employee under the FLSA.

9.     Plaintiff's primary job duties as a Reservoir Technologist involved support tasks and assistance to petroleum engineers, such as data collection and management, maintaining and organizing databases and file systems, and compiling summary reports and charts.

10.     At all relevant times, Plaintiff worked under the direct supervision of a Reservoir Engineering Supervisor and/or Reservoir Engineering Manager.

11.     The position of Reservoir Technologist did not require any advanced or specialized academic degree as a prerequisite for entrance into the profession.

12.     In approximately January or February 2018, Jill Herzog, Human Resources Business Partner at Devon, informed Plaintiff that she had been previously classified as a non-exempt employee and would continue to be classified a non-exempt employee as a Reservoir Technologist Level 5.

13.     The working schedule for Plaintiff and other Devon employees alternated between Monday through Friday and Monday through Thursday every other week, having every other Friday off, with a total of nine (9) scheduled working hours per working day.

14.     During the applicable statutory period, Plaintiff and other employees of Devon regularly worked through their lunch hour, on their Fridays off, on the weekends, or otherwise worked overtime beyond their nine (9) scheduled working hours per day, in excess of forty (40) hours per workweek.

15.     Managers and supervisors knew or had constructive knowledge that Plaintiff was working overtime hours on a regular basis.

16.     Plaintiff did not report overtime hours worked out of fear that her job would be put in jeopardy, due to impending and anticipated mass layoffs at Devon.

17.     Devon, through its managers and supervisors, had actual or constructive knowledge of overtime hours worked by Plaintiff.

18.     Devon knew or should have known that Plaintiff was entitled to overtime compensation pursuant to the FLSA, and permitted Plaintiff to routinely work more than forty (40) hours per workweek without overtime compensation.

19.     Plaintiff did not receive overtime compensation at the required rate of one and a half (1 ½) times the regular rate of compensation for all hours worked in excess of forty (40) hours per week.

20.     Accordingly, Devon has violated the FLSA by failing to compensate Plaintiff for overtime hours worked.

21.     Devon knowingly or in reckless disregard failed to pay Plaintiff compensation for overtime hours worked as required under the FLSA.

22.     Devon's failure to pay overtime compensation was neither reasonable nor in good faith.

## VI.  CAUSE OF ACTION

### VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201 *et seq.*

23.     Plaintiff restates and incorporates by reference the above paragraphs as if fully set forth herein.

24.     The FLSA, 29 U.S.C. §§ 206–207, requires employers to pay non-exempt employees additional compensation for all hours worked over forty (40) hours per workweek.

25.     Defendant had actual or constructive knowledge of Plaintiff's overtime hours worked and permitted Plaintiff to routinely work more than forty (40) hours per workweek without overtime compensation. *See* 29 C.F.R. §§ 785.11, 785.13; *see also* 29 U.S.C. § 203(g).

26.     Defendant's actions described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff her overtime premium.

27.     As the direct and proximate result of Defendant's unlawful conduct, Plaintiff  has suffered a loss of income and other damages. Plaintiff is entitled to liquidated damages and attorney's fees and costs incurred in connection with this claim. *See* 29 U.S.C. § 216(b).

28.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Defendant knew or showed reckless disregard for the fact that their failure to compensate Plaintiff in overtime was in violation of the law.

## VII.  RELIEF SOUGHT

WHEREFORE, Plaintiff, Aubrey Meadors, prays for judgment against Defendant and the following relief:

A.  A finding that Plaintiff was a non-exempt employee entitled to protection under the FLSA;

B.  A finding that Defendant violated overtime provisions of the FLSA;

C.  A finding that Defendant's violations of the FLSA were willful;

D.  Judgement against Defendant in the amount of Plaintiff's unpaid back wages at the applicable overtime rate;

E.  An award of all damages, including liquidated damages as permitted under the FLSA, 29 U.S.C. § 216(b);

F.  An award of attorneys' fees and costs incurred as a result of this suit; and

G.  Any and all relief, in law or equity, as the Court may deem just and proper.

## VIII. DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: December 17, 2018

Respectfully submitted,

*/s/ Brooke L. Ballard*
Brooke L. Ballard, OBA #33463
Katherine R. Mazaheri, OBA #21746
Mazaheri Law Firm, PLLC
3000 W. Memorial Rd., Suite 230
Oklahoma City, OK 73120
Telephone: (405) 414-2222
Facsimile: (405) 607-4358
katherine@mazaherilaw.com
*Attorneys for Plaintiff*

**Attorney's Lien Claimed**