# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AUBREY MEADORS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-18-1226-HE |
| | ) |
| DEVON ENERGY PRODUCTION | ) |
| COMPANY, LP, | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendant, Devon Energy Production Company, LP, ("Defendant" or "Devon") hereby answers the specific allegations of the Amended Complaint filed by Plaintiff, Aubrey Meadors ("Plaintiff") [ECF Doc. No. 11]. Defendant generally denies that it violated the Fair Labor Standards Act ("FLSA") or that it failed to properly compensate Plaintiff pursuant to the FLSA. All of the allegations made in Plaintiff's Amended Complaint are denied, unless specifically admitted in this Answer. Regarding each numbered paragraph of Plaintiff's Amended Complaint, Defendant states:

1. Paragraph 1 merely purports to state Plaintiff's cause of action against Defendant, which requires no answer by Defendant. To the extent an answer is required, Defendant denies paragraph 1 in its entirety, and denies Plaintiff is entitled to recover any overtime compensation.

2. Denied.

3. Denied.

4. Denied.

5. Defendant is without sufficient information to admit or deny Plaintiff's current residence, but upon information and belief, admits same.

6. Defendant admits Plaintiff worked as a Reservoir Technologist until May 1, 2018 in Oklahoma City, Oklahoma County, Oklahoma. Defendant denies the remainder of paragraph 6 of Plaintiff's Amended Complaint.

7. Denied.

8. Defendant admits it is an oil and gas company with its headquarters in Oklahoma, but denies the remainder of paragraph 8 of Plaintiff's Amended Complaint.

9. Defendant admits this Court has jurisdiction over this matter, but denies that Plaintiff has any viable claims, including any arising under the FLSA.

10. Defendant admits venue is proper in this Court, that Defendant operates in this district, and that Plaintiff worked for Defendant in this district, but denies the remainder of paragraph 10 of Plaintiff's Amended Complaint and denies any and all allegations of wrongdoing.[1]

1. Paragraph 1 of Section IV contains legal conclusions, which requires no answer by Defendant. To the extent an answer is required, Defendant admits it employed Plaintiff, and denies the remainder of this paragraph of Plaintiff's Amended Complaint.

2. Paragraph 2 of Section IV contains legal conclusions, which requires no answer by Defendant. To the extent an answer is required, admitted.

3. Paragraph 3 of Section IV contains legal conclusions, which requires no answer by Defendant. To the extent an answer is required, admitted.

---

[1] Plaintiff's numbering in the Complaint starts over at number 1.

4. Paragraph 4 of Section IV contains legal conclusions, which requires no answer by Defendant. To the extent an answer is required, denied.

5. Defendant admits it is an oil and gas exploration and production company operating in the United States, including Oklahoma. Defendant denies the remainder of paragraph 5 of Section V of Plaintiff's Amended Complaint.

6. Defendant admits Plaintiff worked as a Reservoir Technologist until May 1, 2018 in Oklahoma City, Oklahoma County, Oklahoma. Defendant denies the remainder of paragraph 6 of Section V of Plaintiff's Amended Complaint.

7. Denied.

8. Denied.

9. Paragraph 9 of Section V contains legal conclusions, which requires no answer by Defendant. Although Defendant admits Plaintiff engaged in tasks such as data collection and management, Defendant denies this paragraph in its entirety as a mischaracterization of Plaintiff's job duties.

10. Defendant admits Plaintiff had a supervisor. Defendant denies the remainder of paragraph 10 of Section V of Plaintiff's Amended Complaint.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Paragraph 23 of Section VI of Plaintiff's Amended Complaint requires no response, but is otherwise denied.

24. Paragraph 24 of Section VI of Plaintiff's Amended Complaint contains legal conclusions, which requires no answer by Defendant. To the extent an answer is required, denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied. Defendant also denies that Plaintiff is entitled to the relief sought in Section VII, subparagraphs (A) through (G), of the Amended Complaint.

## **AFFIRMATIVE AND ADDITIONAL DEFENSES**

1. Plaintiff's Amended Complaint fails to state any claim upon which relief can be granted.

2. Plaintiff is not entitled to any award of damages, but in the alternative, any such award should be subject to offset.

3. Plaintiff cannot prove a willful violation of the FLSA, and is therefore not entitled to a three year statute of limitations.

4. Plaintiff is not entitled to any recovery in this action because she was exempt from the overtime requirements of the FLSA.

5. Defendant denies liability to Plaintiff. In the alternative, any alleged act or omission was made in good faith with reasonable grounds for believing such alleged act or omission was not a violation of the FLSA, such that liquidated damages should not be awarded.

6. Defendant denies liability to Plaintiff. In the alternative, any alleged act or omission was made in good faith in conformity with and in reliance on written regulations, orders, rulings, approvals, interpretations, and/or administrative practices/policies, such that no damages or relief of any kind should be awarded.

7. Plaintiff cannot prove actual or constructive knowledge of any alleged overtime hours worked on the part of Defendant, such that she is not entitled to recover any damages for same.

8. Plaintiff intentionally failed to report or communicate any alleged compensable overtime hours (*see* ¶ 16 of Plaintiff's Amended Complaint), such that she is not entitled to recover any damages for same.

9. Defendant denies liability to Plaintiff. In the alternative, Plaintiff intentionally failed to report or communicate any alleged overtime hours and/or improper pay practices, or otherwise avoid the harm alleged in the Amended Complaint. Defendant asserts the defenses of estoppel and unclean hands.

10. Defendant denies liability to Plaintiff and denies Plaintiff is entitled to any overtime compensation. In the alternative, any alleged time worked beyond scheduled working hours was *de minimis* and may be disregarded as a matter of law.

## **RELIEF REQUESTED**

WHEREFORE, Defendant denies that it is liable to Plaintiff for any sum of money or in any manner whatsoever, and prays that the Court dismiss Plaintiff's Amended Complaint in its entirety with prejudice and award Defendant its costs and, to the extent permitted by applicable law, attorneys' fees incurred in defending this action, and seeks such other relief as the Court considers appropriate under the circumstances.

Respectfully submitted,

*s/Joshua W. Solberg*
Joshua W. Solberg, OBA #22308
Paige H. Good, OBA #31595
McAfee & Taft A Professional Corporation
Tenth Floor, Two Leadership Square
211 North Robinson Avenue
Oklahoma City, OK  73102-7103
Telephone: (405) 235-9621
Facsimile: (405) 235-0439
josh.solberg@mcafeetaft.com
paige.good@mcafeetaft.com

**ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of March, 2019, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants for this case:

Katherine R. Mazaheri
Mazaheri Law Firm, PLLC
3000 W. Memorial Rd., Suite 230
Oklahoma City, OK 73120
Telephone: (405) 414-2222
katherine@mazaherilaw.com

**ATTORNEY FOR PLAINTIFF**

*s/Joshua W. Solberg*
Joshua W. Solberg